Good morning, Your Honors. My name is Richard Bewley, and I'm here representing the appellant today. Before I begin the main portion of my argument, I would like to advise the court that I did not write the initial brief in this case. I came on very late because the original attorney had some problems with her licensure. And after reviewing the record, I would agree and stipulate that there is no factual basis for the claim to survive the statute of limitations as it relates to Safeco Insurance. I don't believe that the factual record supports that. So I would concede that the dismissal of Safeco Insurance is proper in this case. As to Hartford Insurance, I believe that the dismissal... Did you advise opposing counsel of this before this morning? No, I did not, Your Honor. So you're going to pay for him coming to court this morning? Yes. Is there some reason you made Safeco pay for a lawyer to come to court when you determined... When did you make this determination? Within the last few days, Your Honor. Well, could have saved him a trip and reclined the money, sending the lawyer here if you're giving up. That would have been the courteous and professional thing to do, wouldn't it? I agree, Your Honor. And Mr. Boyer and I have done many cases together, and I've apologized to him, and I'll do whatever is necessary to make that right. Well, you work it out with him. I will. Okay, go ahead. Thank you. As to the main portion of the case, Your Honors, I think that the district court certainly made an error in its estimation that the common law statute of limitations that the case accrues when there is damage rather than when the case is settled or completed. But that's been the law in Montana for a long time under Vig and under Hayes and under Foti. It's been the law in Montana for a long time. And I'm... Tell me how that law has changed by the workers' compensations cases, which for some reason unknown to me and unfathomable to me, says that a claim for bad faith handling of workers' compensation benefits is somehow different from a third-party crash. And you're very correct there, Your Honor. It's Judge Malloy who said that a workers' compensation case is different. And in fact... In fact, I said it as part of a panel, and I can't remember why. But... In Burton. Help me. I will. Tell me why a workers' compensation case is different from a third-party case. It isn't. It isn't. The Montana Supreme Court has very carefully through the Hayes and the Vig cases and continuing on, have said that the third-party common law bad faith tort is totally separate from workers' comp. And has expressed in cases such as Foti and Klaupte Flink that in your normal negligence case, it's still the common law bad faith. So when all the elements of a bad faith case exist, the three-year statute starts running. No, Your Honor. In the Grenz v. Orion case. That was a statute case. It wasn't a common law case. Yes, it was. It was. It was a common law case, but the court referred to the statute. Right. And said in a common law case, they specifically held that in a common law case, that the case does not accrue for the common law bad faith until there is a settlement or judgment. I think you and I read Grenz differently. No, what Grenz talked about, you have to understand one thing. And that is that the statute of limitations in the statutory scheme of 33-18-242 was not enacted until 1987. The UTPA under 33-18-202 was enacted in 1977. So the independent cause of action under the statute did not arise until 1987. That's right. And so what Grenz did was say, was refer to 242 and say, well, 242 says the case does not accrue until there is a judgment or settlement. And so that's what the Supreme Court said it was going to use in a bad faith common law case. And, in fact, the court made that very explicitly clear in the Brewington case, which was decided later in 1999, in which it states, we were asked to decide in Grenz whether a third-party claim could be brought prior to the resolution of the underlying claim. We held that it could not, whether based on statute or common law bad faith. You'll agree with me that both Grenz and Brewington and later O'Connor involved workers' compensation cases. I certainly agree with that. You'll agree with me that Vig, I call it Vig, Vig you, Hayes and Fody all involved non-workers' compensation cases, right? I actually, yes. Actually, I believe Hayes or Vig involved workers' compensation. That's right. But there wasn't a statute at that time. Right. So give me a case, any case, that says that in Montana the statute of limitations for bad faith handling of an insurance claim on common law grounds, not on statutory grounds, but on common law grounds, does not start running until the underlying case has been settled. One case. Brewington. Brewington is a workers' compensation case. But it doesn't matter because the Montana Supreme Court has held in numerous cases that the common law of bad faith is totally separate from the workers' comp. But in Brewington, they specifically set a distinguished Fody, right, on the ground. What was the first ground they distinguished Fody on? That it was not a workers' comp case. Now, we're not the Montana Supreme Court. Perhaps this is a case which should be certified to the Montana Supreme Court. Perhaps it should be. But I would also point out that the reason the Fody case was distinguished was because it followed the line started in Clout v. Flink. And that, those two cases held that essentially the bad faith and the underlying case could be litigated together. And there was criticism in concurrence and dissenting opinions in those cases saying that's a bad idea. And those cases were before the statutory enactment of 242. Then in Grenz and followed in Brewington, they said we're going to throw that out because, one, it's non-workable. Two, most states do not allow the common law of bad faith case to be brought until there is judgment. Any reason for us to send this to the Montana Supreme Court, see if they want to take a look at it? Did you ask me to give you a reason? I'm sorry, I didn't understand. I'm sorry. I should have waited until I got my mouth close to the microphone. Any reason for us to send it to the Montana Supreme Court and ask them whether they will review it? Well, I don't think you need to, because I think it's very clear throughout this statute, through these cases. So you prefer to win now. Obviously. But failing that, you'd like us to send it to the Montana Supreme Court. There we go. That's a useful answer right there. You've got about a minute left. Save it? I'll save the rest of it. It's not a very helpful answer, but it's an answer. Okay, we'll hear from the other side. You get the full ten minutes. Thank you. My name is Ian McIntosh from Bozen, Montana. I'm representing Hartford here today. The matter before the Court is very simple and straightforward. The only question is when plaintiffs' claims accrued. The District Court correctly held that those claims accrued on or before October 24, 2007. So what do you do with those workman's comp cases? As the Court has correctly pointed out, they are completely different. They're from the Court. You ask a question by one judge, and I don't even know what he thinks. So they're workman's comp cases, and now you have a chance to tell us why workman's comp is any different from anything else. Why would you infer that the Montana courts would treat all cases the same? Because in the Worker's Compensation Court, as the Ninth Circuit held in the BIA case on appeal, there is a possible administrative remedy for bad faith in the context of the worker's compensation. How can you get emotional distress for failure reasonably to satisfy the carrier's obligation to the employer? Do you have to pay in a worker's compensation case? I'm not sure that you do. I don't practice it. Of course you can't. The two remedies are totally different. You cannot get that. You cannot get punitive damages. You can get attorney's fees, but for the worker's compensation claim, not for the bad faith claim. So don't you agree that the remedies available by common law bad faith action for insurance mishandling are totally separate and different? I do not agree that they're totally separate. They are somewhat separate, but they're also somewhat overlapping. Only how you can get emotional distress damages out of a worker's compensation case, I really want to know. And I can't provide an answer to you because I don't practice worker's compensation law. Well, but you do read the law, don't you? You're here representing an insurance company, are you not? Correct. Insurance companies don't pay for emotional distress when they cause it in bad faith cases, do they not? Including Hartford, right? All right. Perhaps. So don't give me that stuff. Answer the question. Is there a possible way that you can get the damages which are available in bad faith in a worker's compensation case in Montana? I believe you can in parts because of the penalty and the fee. What part? Isn't there a 20%? Isn't there a penalty in the worker's compensation case and then attorney's fees on top of that? There's a penalty in the worker's compensation case for not paying worker's compensation damages through the proceeding. Is that what you're saying? That would be an offset to any emotional distress? I would certainly make that argument in a bad faith claim, yes. The case that says that? I do not. I didn't think so. Except for this court's decision in Burton in 2004. That was written on a panel in which I was one of the panelists. And I don't know why we held that. Why is there a difference between worker's comp and third party cases as far as bad faith? And here's what that court said. If this administrative remedy does not resolve a claimant's underlying claim, then he may pursue his third party cause of action. How can the administrative remedy in worker's comp award emotional distress damages? It can't. Well, that's what comes from citing unpublished cases. We used to have a rule prohibiting it and then Washington made us change it. But the problem with unpublished cases is that they don't always contain all the reasoning. And sometimes even the judges who are on the cases don't remember. Heck, I don't remember the stuff I wrote two weeks ago. And in this case, there's no need to go to even to that decision. You can simply look at Montana Code 272102, subsection 2, which states unless otherwise provided by statute, the period of limitations begin when the claim or cause of action accrues. Here, there is no statute delaying the running of the start of the limitations period. So you need to simply look at the statute. And there was no statute that delays the running of the limitations period in the worker's compensation case either, but there are three, at least three, Montana Supreme Court cases that say that it is delayed. Well, I would say that there is a statute saying that because, again, as this court pointed out in Burton, there is an administrative remedy that at least partially governs that. That would be governed by statutes. An administrative remedy is a 20 percent penalty on nonpayment. I believe and attorney's fees. But the attorney's fees cannot be collected in a worker's comp for the procurement of emotional distress damages, true? I'm not sure. Again, I don't practice worker's compensation. So, again, but I don't think we need to look too, Burton. Simply look at the statute. The district court in this case correctly concluded that the cause of action accrued on October 24, 2007. By that date, Hartford told plaintiff's attorney in the underlying case that it would make no more advance payments and that it did not accept. It would make no more advance payments on special damages. In your brief on page six with your summary of argument, you say that Hartford said they wouldn't pay any more damages. That's not true. They said they wouldn't pay any more special damages for wage loss and for medical expenses. They didn't say anything about emotional distress. They didn't say anything about general damages. So that's an overbroad statement on your part. Correct. But I do think that your better argument is on July 17, 2007, Tracy Morin wrote a letter saying you don't need any more investigation. You don't need any more facts. You're in bad faith for not paying based on what you know. There's no reason why that doesn't start the running of statute of limitations. Completely agree, Your Honor. I think October 24, 2007 is the absolute latest date that it started to run. And it could have started to run four to five months earlier. But in addition, on October 24, 2007, Hartford refused to accept Ms. Morin's demand to pay to settle the case for policy limits. And she had written a letter dated October 4, 2007, saying that if you do not accept the policy limits demand, we will proceed to litigation on the bad faith claim. So all of the cause of action had accrued by that date. The statute of limitations started to run. There's nothing that would delay the statute of limitations. So pursuant to Montana Code 27.2.102, statute of limitations started to run, and plaintiff's complaint that was filed in September of 2011 was not filed timely. That's all I have. Thank you. Thank you. And Mr. Boyer just has to be a part of the plan this morning. I will sit and introduce myself to you. John Boyer on behalf of Safeco, in light of Mr. Yulee's concession that the district court made the correct decision. You're going to be a part of the plan, right? So that's what serves your clients best. Thank you for coming from Missoula. But anyway, it's a happy ending for your clients. Okay. You have a minute or so for rebuttal. Thank you. In answer to Justice Bayer's question. Judge. Excuse me, Judge Bayer. So hopeful. I am familiar with Montana workers' compensation law, and there are only lost wages and medical benefits that are provided under workers' compensation benefits. What about the 20 percent penalty on attorney's fees? There can be a penalty assessed by the workers' compensation judge if it is found that the denial of payment of or initial acceptance of the claim was wrong. Was wrong or intentionally wrong or maliciously wrong? I don't believe it has to be intentionally or maliciously wrong, just that they should have accepted compensability. How is that different from reasonable handling of an insurance claim? Well, it's much different in that essentially in the workers' compensation claim, all that needs to be shown is that the insurance carrier should have covered it. In the bad faith case, we have to show that the insurance company was unreasonable in failure to provide either the special or general damages or in their handling of the claim. So it's a much different case in a bad faith claim than it is in their workers' compensation claim. So your position is that nothing in the workers' compensation structure compensates a plaintiff for the damages which the common law action for bad faith compensates? Correct. And it's just like, and it's very similar to actually a negligence case. For example, in the underlying car accident case, in a negligence case, you can't recover attorney's fees. You can't recover punitive damages. You're solely limited to your general and special damages in a negligence case. However, in the bad faith case, which, as I said, is a totally different animal than either a workers' compensation or a negligence case, those other kinds of damages can be recovered. Okay. Thank you very much, Aaron. Thank you. The case is argued. We'll stand for a minute.
judges: Kozinski, Rawlinson, Bea